| | |
|---|---|
| LAPIR MOSES, | CASE NO. C08-1344-JLR-JPD |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| A. NEIL CLARK, | |
| Respondent. | |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

Petitioner Lapir Moses is a native of Uganda who was admitted to the United States as a refugee on March 11, 1991. (Dkt. 17, Ex. A). On May 6, 2008, the U.S. Immigration and Customs Enforcement ("ICE") initiated removal proceedings against him, alleging that he was removable under Section 237(a)(A)(ii) of the Immigration and Nationality Act ("INA"), for having been convicted of an aggravated felony, under INA § 237(a)(B)(i), for having been convicted of a violation relating to a controlled substance, and under INA § 237(a)(C), for having been convicted of a firearm offense. *Id.*

On September 8, 2008, petitioner filed a "Motion for verification of eligibility of derivative citizenship," challenging the Department of Homeland Security's ("DSH") statutory and constitutional authority to remove him from the United States because he had obtained derivative citizenship from his adopted mother upon her naturalization on October 31, 1996,

REPORT AND RECOMMENDATION
PAGE – 1

when he was fourteen years old. (Dkt. 5). Petitioner requested that this Court issue an order, directing ICE to terminate his removal proceedings and consider him a citizen of the United States. *Id.* On November 7, 2008, respondent filed a Motion to Dismiss for Lack of Jurisdiction, arguing that this Court lacks jurisdiction to consider petitioner's derivative citizenship claim. (Dkt. 12). On November 19, 2008, however, respondent filed a Status Update, Dkt. 17, indicating that on November 14, 2008, the Immigration Court issued an order terminating petitioner's removal proceedings. (Dkt. 17, Ex. A). Respondent asserts that because petitioner has been accorded the relief sought in his habeas petition, his petition is now moot and should be dismissed. (Dkt. 17). Petitioner did not file a response.

For a federal court to have jurisdiction, "an actual controversy must exist at all stages of the litigation." *Biodiversity Legal Foundation v. Badgley*, 309 F.3d 1166, 1173 (9th Cir. 2002). "When a controversy no longer exists, the case is moot." *Id*. Because petitioner's removal proceedings have been terminated, the Court finds that petitioner's habeas petition should be dismissed as moot. *See, e.g., Cooney v. Edwards*, 971 F.2d 345, 346 (9th Cir. 1992) (holding that the District Court properly dismissed plaintiff's claims that had become either moot or unripe). Accordingly, I recommend that this action be dismissed as moot.[1] A proposed Order accompanies this Report and Recommendation.

DATED this 8th day of December, 2008.

/s/ James P. Donohue
JAMES P. DONOHUE
United States Magistrate Judge

---

[1] Because the Court finds that this action should be dismissed as moot, it does not reach the merits of respondent's motion to dismiss, Dkt. 12.

REPORT AND RECOMMENDATION
PAGE – 2